IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. CLYBURN, Personal Representative of the Estate of MARY F. CLYBURN, deceased, <br><br> Plaintiff, <br><br> v. <br><br> THI OF MISSOURI AT GRAVOIS, LLC, et al., <br><br> Defendants. | Case No. <br><br> JURY TRIAL DEMANDED <br><br> (St. Louis County Circuit Court Case No. 12SL-CC01738) |

**NOTICE OF REMOVAL, JURY DEMAND AND**
**DESIGNATION OF PLACE FOR TRIAL**

PLEASE TAKE NOTICE that Defendant THI of Missouri at Gravois, LLC hereby gives notice of its removal of the above-entitled action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the District of Missouri.  In support of its removal, Defendant THI of Missouri at Gravois, LLC states:

1. Plaintiff Michael A. Clyburn, as personal representative of the Estate of Mary F. Clyburn, deceased, filed suit against THI of Missouri at Gravois, LLC on May 7, 2012, in the action styled *Michael A. Clyburn, Personal Representative of the Estate of Mary F. Clyburn, deceased v. THI of Missouri at Gravois, LLC, et al.,* Case No. 12SL-CC01738 in the Circuit Court of St. Louis County, Missouri (hereinafter the "State Action").  A true copy of that Petition for Damages is being lodged concurrently.  In the Petition, Plaintiff brought claims of wrongful death, breach of fiduciary duty, and breach of contract against defendant THI of Missouri at Gravois, LLC as operator of a facility known as "Sunset Hills Health and Rehabilitation Center."

The Petition alleges that the defendants were negligent in their care and treatment of Mary F. Clyburn and are liable for her death occurring after her discharge from Sunset Hills Heath and Rehabilitation Center.

2. On June 6, 2012, THI of Missouri at Gravois, LLC was served with the Summons and the Plaintiffs' Petition for Damages. Pursuant to Missouri law, a civil action is commenced upon the filing of a petition in a court of record. Mo. Rev. Stat. § 506.110.

3. This civil action is properly removable to the United States District Court for the Eastern District of Missouri pursuant to the following:

   a. This is a civil action over which the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) (1), and may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action between citizens of different states with an amount in controversy exceeding the sum of $75,000.00, exclusive of costs.

   b. Less than 30 days have passed since THI of Missouri at Gravois, LLC was served.

   c. Decedent Mary F. Clyburn was a resident of the State of Missouri. Plaintiff Michael A. Clyburn is, and was at the time that he filed the Petition for Damages, a citizen and resident of the State of Missouri.

   d. The sole defendant, THI of Missouri at Gravois, LLC, is, and was at the time that plaintiff commenced his action against this defendant, a limited liability company organized in the State of Delaware. Its sole non-managing member is not a resident of Missouri. *See* Plaintiffs' Petition for Damages, lodged with the court separately; *see also* Affidavit of Michael Cox, attached as Exhibit A.

   e. Defendant understands that the amount in controversy exceeds $75,000.00. In plaintiff's Petition for Damages, they pray for "fair and reasonable" damages

        based upon wrongful death, medical malpractice, breach of contract, and breach of fiduciary duty, and for damages in excess of $25,000 for the wrongful death claim.  *See* Petition, pp. 4-6.

    f.    Plaintiff's Complaint also seeks "full damages [ ] as to . . . aggravating circumstances," *see* Petition, p. 5, and "aggravating circumstances/exemplary damages," *see* Petition, p. 6, which amount to a claim for punitive damages.  Under Missouri law, punitive damages may generally be available for causes of action alleging willful conduct, wantonness, recklessness, or indifference (as Plaintiff's claims do here).  *See* Petition, ¶ 16.  Punitive damages are properly included in determining the amount in controversy, and where Plaintiff alleges such damages, subject matter jurisdiction exists unless Plaintiff can show that it is "legally certain" that he will be unable to recover the requisite jurisdictional amount.

4.    This Notice of Removal is being filed with this Court within thirty days of Defendant THI of Missouri at Gravois, LLC receiving "through service or otherwise… a copy of an order from which it may first be ascertained that the case . . . has become removable," and is being filed within a year of commencement of plaintiff's action against Defendant THI of Missouri at Gravois, LLC, as provided by 28 U.S.C. § 1446(b).

5.    Pursuant to 28 U.S.C. § 1446(d) and E.D. Mo. Rule 81-2.03, a true copy of the Notice of Removal is being concurrently filed with the Clerk of the Circuit Court of St. Louis County, Missouri, as provided by law, and has been served on all parties.

6.    Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. Rule 81-2.03., Defendant THI of Missouri at Gravois, L.L.C. shall procure and file with the Clerk of this Court copies of

additional records and proceedings in the State Action within 20 days of the filing of this removal.

WHEREFORE, Defendant THI of Missouri at Gravois, LLC respectfully requests that this action be removed to the United States District Court for the District of Missouri.

### JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Without waiving objection to the potential enforcement of a binding arbitration agreement, Defendant demands that this case be tried to a jury in St. Louis, Missouri.

DATED: July 6, 2012

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ Nathan D. Sturycz_
Gregory J. Minana, #38004
Nathan D. Sturycz, #61744MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone:  314.480.1500
Fax:  314.480.1505
nathan.sturycz@huschblackwell.com

*Attorneys for Defendant THI of Missouri at Gravois, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing and served a true and accurate copy of the foregoing via first-class mail postage prepaid, to the following:

Kenneth K. Vuylsteke
Fox & Vuylsteke, LLP
110 East Lockwood, Suite 150
Webster Groves, Missouri  63119

*Attorney for Plaintiffs*

/s/ Nathan D. Sturycz