

**NATIONAL CORPORATE RESEARCH, LTD.**

The Right Response at the Right Time, Every Time.

# Notice of Service of Process

SP315731
Page 1 of 1

---

Dover, DE • Los Angeles • Sacramento • Springfield, IL • Albany • New York

**615 South DuPont Highway, Dover, Delaware 19901**
**(302) 734-1450  Toll Free (800) 483-1140**
**Fax (800) 253-5177  Email: statrep@nationalcorp.com**

---

**DATE:**   June 7, 2012

**TO:**   Kristi Anderson
Fundamental Administrative Services, LLC
920 Ridgebrook Rd
Sparks Glencoe, MD 21152

**SENT VIA:**

☑ Email
☑ Federal Express
☐ Fascimile Transmission
☐ Other:
Tracking Number:
    793648373593

**RE:**   SERVICE OF PROCESS:

**THI OF MISSOURI AT GRAVOIS, LLC**

---

The enclosed Service of Process was received by the statutory agent in:   **Missouri**
on the date of:   **June 6, 2012**
received via:   **Personal Service**

TITLE OF ACTION:   Michael A. Clyburn, et al. vs. THI OF MISSOURI AT GRAVOIS, LLC

COURT AND CASE NO:   Circuit Court for St. Louis County, Missouri

Case No.   12SL-CC01738
Summons and Complaint

RESPONSE REQUIRED BY:   Within thirty (30) days

NOTE:

Sincerely,

Andrew A. Lundgren

Andrew Lundgren, Manager - Registered Agent Services

---

**Please sign, date and return the attached confirmation receipt using the enclosed addressed envelope, via fax (800-253-5177) or via e-mail (statrep@nationalcorp.com).**
Please carefully review the document referenced above to confirm all information, including the Response Date, for accuracy. The information noted above is provided based on our review and is not a legal opinion.
**PLEASE CONSULT THE SERVICES OF A COMPETENT PROFESSIONAL ATTORNEY.**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 12SL-CC01738 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL A CLYBURN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KENNETH KARL VUYLSTEKE<br>SUITE 150<br>110 E. LOCKWOOD<br>WEBSTER GROVES, MO 63119 |
| Defendant/Respondent:<br>THI OF MISSOURI AT GRAVOIS LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Malpractice | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **THI OF MISSOURI AT GRAVOIS LLC**
                    **Alias:**

**222 E DUNKLIN #102**
**C/O NATIONAL CORP RESEARCH AGE**
**NT**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

16-MAY-2012
Date

_____
Clerk

Further Information:
JMC

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
                         Date                   Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | ( _____ miles @ $ . _____ per mile) |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document Id # 12-SMCC-6335**      1 of 1      Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
STATE OF MISSOURI

MICHAEL A. CLYBURN, personal )
representative of the Estate of )
MARY F. CLYBURN, deceased, )
 )
    Plaintiffs, )  Cause No.:
 )
v. )  Division No.:
 )
THI OF MISSOURI AT GRAVOIS, L.L.C., )
Serve: )
Registered Agent )
National Corporate Research, Ltd. )
222 East Dunklin, Suite 102 )
Jefferson City, MO  65101, )
 )
    Defendants. )

## PETITION – MEDICAL MALPRACTICE – WRONGFUL DEATH

COMES NOW plaintiff Michael A. Clyburn, personal representative of the Estate of

Mary F. Clyburn and for his claim and cause of action states and alleges as follows:

### Count I

1. That at all times hereinafter mentioned, Michael Clyburn was the natural son of

Mary Clyburn.

2. That Mary F. Clyburn died on May 31, 2011.

3. That on September 13, 2011, plaintiff Michael A. Clyburn was appointed personal

representative for the Estate of his mother, Mary F. Clyburn by the Circuit Court, Probate

Division, St. Louis County, Missouri; Case No. 11SL-PR02282.

4. That at all times hereinafter mentioned, defendant THI of Missouri at Gravois,

LLC operated under the fictitious name Sunset Hills Health and Rehabilitation Center.

5.      That at all times hereinafter mentioned, the defendant was a corporation duly organized and existing pursuant to Missouri law and was doing business as Sunset Hills Health and Rehabilitation Center pursuant to the laws of the State of Missouri.

6.      That at all times hereinafter mentioned, said defendant acting by and through its agents, servants, and employees and all of said individuals were acting within the course and scope of their employment.

7.      That on or about the 11th day of May, 2011, Mary Clyburn was a resident of Sunset Hills Health and Rehabilitation Center (hereinafter Sunset Hills Health) at the facility located in St. Louis County, Missouri.

8.      That at all times hereinafter mentioned, the defendant was duly licensed by the State of Missouri to provide nursing care and residential services.

9.      That at all times mentioned herein, the defendant held itself out to the public in general and to Mary Clyburn and her son Michael Clyburn, as being an able and skilled provider of nursing and long-term residential care services and that they possess same or higher level of training and skills than other skilled nursing facilities and nursing centers and that they were able to render proper and adequate nursing care and long-term residential services for the conditions which Mary Clyburn then suffered from.

10.     That on or after said date, defendant carelessly and negligently as if more fully hereinafter set forth, failed to render adequate nursing care to Mary Clyburn, thereby directly and proximately causing her to sustain severe personal injuries that directly and proximately led to her death.

11.     That defendant carelessly and negligently failed to give adequate care to Mary Clyburn in one or all of the follow particulars to wit:

2

a)      Defendant failed to identify that Mary Clyburn was at risk of developing diabetic ulcers and necrosis;

b)      Defendant failed to adequately monitor plaintiff's diabetic conditions, including her blood sugar levels from May 11, 2011 through May 26, 2011;

c)      Defendant failed to timely notify a physician of a significant change in Mary Clyburn's health status, namely the development of a diabetic ulcer and resulting necrosis of her right foot;

d)      That during the aforesaid period of time when Mary Clyburn was a resident of defendant's facility, defendant failed to adequately prevent, identify and treat the diabetic ulcer that developed on her right foot;

e)      That defendant failed to properly clean and bathe Mary Clyburn from May 11, 2011 through May 26, 2011, during those periods of time when she was a resident at their facility; and

f)      That defendant failed to adequately staff its skilled nursing facility with trained nursing professionals from May 11, 2011 through May 26, 2011.

12.      That as a direct and proximate result of the negligence and carelessness of the defendant, as aforesaid, Mary Clyburn was caused to sustain a diabetic ulcer on her right foot that progressed to a right foot necrosis.

13.      That as a direct and proximate result of the carelessness, negligence, fault and omissions that the plaintiff has previously set forth in this Petition, Mary Clyburn sustained severe personal injuries as aforesaid that caused or contributed to cause her death on May 31, 2011.

14.      That as a direct and proximate result of the carelessness and negligence of the defendant as aforesaid, plaintiff sustained continuing losses, medical expenses, and funeral

3

expenses as well as the reasonable value of the service, consortium, companionship, comfort, instruction, guidance, counsel, training and support which would have been offered by Mary Clyburn before her death.

15.     As a direct and proximate result of the negligent actions and omissions of the defendant as aforesaid, Mary Clyburn endured pain, suffering, and discomfort before her death.

16.     That aggravating circumstances were attendant to the death of Mary Clyburn, including but not limited to:

a)     Defendant's willful conduct, wantonness, recklessness and/or want of care indicative of indifference to consequences to Mary Clyburn as a result of her inability to ambulate and care for herself on or after May 11, 2011.

WHEREFORE, plaintiff prays judgment against the defendant for an amount in excess of TWENTY FIVE THOUSAND ($25,000.00) DOLLARS together with his costs herein expended.

### Count II – Breach of Fiduciary Duty

COMES NOW plaintiff and for his claim and cause of action under Count II of this Petition, states and alleges as follows:

1.     Plaintiff restates, realleges and incorporates by reference paragraph 1 through 16 of Count I of this Petition as if they were fully hereinafter set forth.

2.     That on or after May 11, 2011, Mary Clyburn was in a defenseless and dependent condition.

3.     That on or after May 11, 2011, Mary Clyburn was a paying resident of defendant's facility and was under defendant's care and protective oversight. As a result of her condition and disabilities, as well as her defenseless and dependent condition, she relied upon

4

b)       That defendant entered into a contract with Mary Clyburn and Michael Clyburn promising that Mary Clyburn would receive adequate and competent skilled nursing services and defendant thereafter materially breached that contract.

WHEREFORE, plaintiff prays for judgment under Count III of this Petition in favor and against defendant for full damages, both as to actual losses and aggravating circumstances/exemplary damages in amounts that are fair and reasonable, for the costs herein incurred and expended and for such other and further relief as this Court deems just and proper.

FOX & VUYLSTEKE LLP

Kenneth K. Vuylsteke   #30821
Attorney for Plaintiff
110 E. Lockwood, Suite 150
Webster Groves, MO 63119
314-961-3222
314-961-6110  facsimile